UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHAN B. MCWILLIAMS,

Plaintiff,

v.

CYNTHIA ROJAS, et al.,

Defendants.

Case No. 26-cv-02984-TLT

**ORDER OF SERVICE; DENYING MOTION FOR PRELIMINARY INJUNCTION**

Re: Dkt. No. 9, 11

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The case was related to 25-cv-02820-TLT, *McKenzie v. Borla*, which raises similar or identical allegations, and stayed pending resolution of *McKenzie*, which was set as a bellwether case. Plaintiff has agreed to the bellwether process. *See* Dkt. No. 9 at 3. The complaint (Dkt. No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis*.

For the reasons stated below, the complaint is ordered served on defendants Rojas and Macomber and plaintiff's motion for a preliminary injunction (Dkt. No. 9) is denied.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

United States District Court
Northern District of California

989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiff's Claims

The complaint names the CTF Warden Cynthia Rojas and the Secretary of the California Department of Corrections and Rehabilitation (CDCR) Jefferey Macomber as defendants and alleges that defendants have violated plaintiff's Eighth Amendment rights by housing him in an unconstitutionally small double cell with another prisoner since June 26, 2022. He alleges his cell has only 19 square feet of unencumbered space, or only 9.5 square feet per prisoner, which violates CDCR's guidelines and the Constitution. He alleges prisoners at CTF have been double-celled in certain North Yard buildings since 2011 although the rooms in these buildings were not built to be double cells.

Plaintiff seeks damages.

### C.    Analysis

While the Constitution does not mandate comfortable prisons, it does require that prisoners

United States District Court
Northern District of California

have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendants Rojas and Macomber for inadequate living space.

### D.      Motion for preliminary injunction

Plaintiff seeks a preliminary injunction, stating that his filing has been met with retaliatory reprisal as correctional officers have used progressive disciplinary measures such as excessive searches, verbal harassment, and property confiscation on him to force him to live with a cellmate. He asks the court to order defendants, officers, agents, and successors to refrain from double-celling him and grant him single-cell status. His motion identifies no specific details constituting retaliation or disciplinary action against him personally.

Plaintiff also filed a separate request for the court to consider his motion for a preliminary injunction, to which he attached a series of documents regarding grievances against Officer Ramirez who he alleges targeted him with excessive searches. Dkt. No. 11. Plaintiff's 1/31/2026 grievance alleges that Ramirez searched his cell eight times in the prior three months. He alleges that Ramirez noticed him helping another prisoner with a grievance and "stared at [plaintiff] in an intimidating fashion," after which more searches and confiscations of property took place. Ramirez referred to his legal work as "only talking trash," and later asked "we good?" and said, "if not you can 602 me—I know you like doing that." Plaintiff attaches a cell search receipt dated 1/29/26 indicating no property confiscated, and one dated 1/31/26 indicating confiscation of a bucket, a roll of small bags, cardboard, and plastic being used as a window covering.

Plaintiff has not met the standard for a preliminary injunction or temporary restraining order (TRO). A TRO preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The

substantive standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

Moreover, prior to issuing a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A preliminary injunction therefore generally will not issue before the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). A temporary restraining order (TRO) may issue without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney (or the movant himself in this case, as he proceeds *pro se*) certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

Plaintiff has not described any efforts he has made to provide notice of the motion to defendants. In addition, he has not named Ramirez nor any other correctional officers as defendants. A court only has jurisdiction to order injunctive relief against defendants in the lawsuit in front of it that relates to the claims in the lawsuit. Plaintiff's lawsuit alleges only that defendants Rojas and Macomber violated his Eighth Amendment rights by double-celling him in an unconstitutionally small cell; it does not allege retaliation claims against Ramirez. If plaintiff has reason to believe that Ramirez has retaliated against him because of his filing grievances and/or the current underlying lawsuit, he may seek to amend his complaint to add Ramirez and those claims. If plaintiff has reason to believe that Ramirez has retaliated against him because of other grievances that plaintiff has filed that do not relate to the cell-size claims at issue in this case, he

4

may file a separate lawsuit against Ramirez. Disciplinary action can only be considered retaliatory if it is in response to protected activity. Refusing to double-cell in and of itself is not protected activity; filing a lawsuit or grievance is protected activity.

Plaintiff has not demonstrated likelihood of success on the merits of his claim that double-celling in his cell is unconstitutional. *See* Dkt. No. 102 in *McKenzie*. There is no existing precedent squarely placing the conditions he alleges outside of the bounds of the Constitution. The Supreme Court in *Rhodes v. Chapman*, 452 U.S. 337 (1981) overturned a district court's finding that double-celling was unconstitutional at an Ohio prison where the cells were 63 square feet (including encumbered space) and prisoners had dayroom access from 6:30 AM to 9:30 PM. Although plaintiff may ultimately be able to distinguish his case from *Rhodes*, he cannot at this time, based on the allegations that he has made, demonstrate that he is *likely* to be able to do so. The motion for a preliminary injunction is denied.

### CONCLUSION

1. Plaintiff's motion for a preliminary injunction is denied.

2. Plaintiff has stated a cognizable Eighth Amendment claim against defendants Rojas and Macomber.

3. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

      a. Cynthia Rojas, Warden of CTF

      b. Jefferey Macomber, Secretary of CDCR

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by

United States District Court
Northern District of California

United States District Court
Northern District of California

the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

5.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

6.    Dispositive briefing is currently stayed pending resolution of the *McKenzie* bellwether case. After the Court resolves the motion to set a bellwether case, the Court will either stay the non-bellwether cases (if it grants the motion) or set a briefing schedule in each of the related cases (if it denies the motion).

7.    All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10.      This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: May 8, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

7